**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**UNITED STATES COURTHOUSE**
**500 PEARL STREET**
**NEW YORK, NY 10007**

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

**(212) 805-0194**

January 29, 2026

Stephen Sherak
80 Freeman St.
Apartment 225
Newark, New Jersey 07105

**RE: United States v. Sherak, 18 Cr. 812 (NRB)**

Dear Mr. Sherak:

I have reviewed your letter motion, submitted pro se and attached hereto as Exhibit A, seeking early release pursuant to 18 U.S.C. § 3582(c)(1)(A).

"The compassionate-release statute authorizes a district court to reduce a sentence only 'upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" United States v. Torres, 464 F. Supp. 3d 651, 654 (S.D.N.Y. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). In other words, either (1) you must "exhaust[] all administrative rights" before the BOP or (2) 30 days must have "lapse[d] . . . from the receipt of such request by the warden of [your] facility" without a response. Id.

Only after exhausting administrative remedies may you re-file an application.

Very truly yours,

Naomi Reice Buchwald
United States District Judge

# Exhibit A

January 19, 2026

RECEIVED
SDNY PRO SE OFFICE
2026 JAN 20 PM 4: 13

Pro Se Intake Unit
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
Re: United States v. Stephen I. Sherak
Case No. 1:18-CR-00812-NRB-1
Hon. Naomi Reice Buchwald

Dear Pro Se Intake Clerk,

Please find enclosed for filing in the above-referenced matter the following documents submitted by the Defendant, Stephen I. Sherak, proceeding pro se:

1. Emergency Motion to Expedite Consideration

2. Motion to Modify Conditions of Home Confinement and to Immediately Commence Supervised Release

3. Proposed Order

4. Exhibits A–D in support of the Motion, including an employer letter and supporting documentation

These submissions relate to Defendant's current placement on Bureau of Prisons home confinement and seek time-sensitive relief due to ongoing andPrisons home confinement and seek time-sensitive relief due to ongoing and irreparable harm to lawful employment.

Kindly file these documents on the docket at your earliest convenience. Please advise if any additional information or formatting is required.

Thank you for your time and assistance.

Respectfully submitted,

Stephen I. Sherak
Defendant, Pro Se
80 Freeman St., Apartment 225
Newark, New Jersey 07105
[redacted]

RECEIVED
SDNY PRO SE OFFICE
2026 JAN 20 PM 4: 13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RECEIVED
JAN 22 2026
S.D.N.Y.

UNITED STATES OF AMERICA,
v.
STEPHEN I. SHERAK,
Defendant.

Case No.: 1:18-CR-00812-NRB-1
Hon. Naomi Reice Buchwald

# EMERGENCY MOTION TO EXPEDITE CONSIDERATION OF DEFENDANT'S MOTION TO MODIFY CONDITIONS

Defendant Stephen I. Sherak, proceeding pro se, respectfully moves this Court for expedited consideration of his Motion to Modify Conditions of Home Confinement and to Immediately Commence Supervised Release. InHome Confinement and to Immediately Commence Supervised Release. In support thereof, Defendant states as follows:

Defendant is currently serving the custodial portion of his sentence on Bureau of Prisons home confinement with electronic monitoring, with a maximum release date of June 28, 2026.

Defendant has remained fully compliant with all conditions of confinement and has been continuously employed for approximately eight (8) months as a commercial truck driver.

As detailed in the pending Motion to Modify Conditions and supporting exhibits, Defendant's electronic monitoring and halfway house restrictions:

Prevent him from accessing ports and airport facilities, despite holding valid TWIC and SIDA credentials;

Severely limit driving distance and work hours;

Force unsafe driving conditions due to curfews and time pressure.

Defendant's employer, Mehadrin Dairy, has advised in writing that continued home confinement and electronic monitoring will result in termination of employment, as the restrictions are incompatible with commercial trucking operations.

Defendant's income has already been reduced from approximately $1,300 per week to $775 per week, and loss of employment would cause immediate and irreparable financial harm, undermine rehabilitation, and jeopardize housing and basic obligations. Because Defendant's remaining term of confinement is limited and the harm is ongoing, any delay risks rendering the requested relief moot.

WHEREFORE, Defendant respectfully requests that the Court expedite consideration of his Motion to Modify Conditions of Home Confinement and grant such relief as the Court deems just and proper.Respectfully submitted,

Stephen I. Sherak
Defendant, Pro Se
80 Freeman St., Apartment 225
Newark, New Jersey 07105
[redacted]

Date: January 19, 2026

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

RECEIVED
JAN 22 2026
S.D.N.Y.

UNITED STATES OF AMERICA,
v.
STEPHEN I. SHERAK,
Defendant.

Case No.: 1:18-CR-00812-NRB-1
Hon. Naomi Reice Buchwald

---

**MOTION TO MODIFY CONDITIONS OF HOME CONFINEMENT AND TO IMMEDIATELY COMMENCE SUPERVISED RELEASE**

**Defendant Stephen I. Sherak, proceeding pro se, respectfully moves this Court pursuant to 18 U.S.C. §§ 3582(c)(1)(A) and 3583(e) for an order modifying his current conditions of home confinement, including removal of electronic monitoring, and for immediate commencement of supervised release, in order to preserve lawful employment and avoid irreparable harm. In support, Defendant states as follows:**

---

**I. Background**

1. Defendant was sentenced by this Court in the above-captioned matter and is currently serving the custodial portion of his sentence on

**Bureau of Prisons (BOP) home confinement, with placement through a halfway house.**

2. Defendant's **maximum release date is June 28, 2026.**

3. Defendant has been **fully compliant with all conditions of home confinement and supervision and has had no violations.**

4. For the past **eight months, Defendant has maintained continuous, lawful employment as a commercial truck driver, which is essential to his financial stability and successful reintegration.**

---

**II. Current Conditions Are Preventing Lawful Employment**

5. Defendant is subject to **electronic GPS monitoring and strict movement and scheduling restrictions imposed through the halfway house and its employment counselor.**

6. These restrictions severely interfere with Defendant's ability to perform his job because:

a. The GPS bracelet limits the **geographic distance Defendant may drive, preventing completion of assigned delivery routes;**

**b. Halfway house curfews and time restrictions require Defendant to rush deliveries and return travel, forcing him to leave jobs unfinished to avoid violations;**

**c. Defendant is placed in unsafe working conditions, particularly while operating a commercial semi-truck under pressure to "beat traffic" and curfews.**

7. Employment scheduling approval is controlled by the halfway house employment counselor, who is only available **Monday through Thursday, 9:00 a.m. to 3:00 p.m., making it impossible for Defendant to accept necessary overtime or respond to real-time work demands.**

8. These restrictions are not judicially imposed conditions but operational limitations that effectively **override Defendant's lawful employment.**

---

**III. TWIC and SIDA Credentials – Inability to Access Ports and Airports**

9. Defendant holds valid **Transportation Worker Identification Credential (TWIC) and Secure Identification Display Area (SIDA) badges,**
**which authorize him to lawfully operate in secure port and airport facilities as part of his employment.**
10. Due solely to the presence of the electronic monitoring bracelet, Defendant is **prohibited from entering ports and airports, despite**
**holding federal security credentials permitting such access.**
11. As a result, Defendant is unable to complete required deliveries involving port or airport facilities, which constitute a **core component of his**
**job duties.**
12. The electronic monitoring condition therefore operates as a **de facto employment ban, rather than a reasonable supervisory measure**
**tailored to Defendant's risk or conduct.**

---

**IV. Ongoing and Irreparable Harm**
13. Defendant's income has been reduced from approximately **$1,300 per week to $775 per week, directly due to geographic and time**
**restrictions imposed by home confinement and electronic monitoring.**
14. Defendant's employer has advised that continued home confinement and monitoring will result in **termination of employment, as**
**Defendant cannot reliably perform assigned routes or access required facilities.**
15. Loss of employment would cause **immediate and irreparable financial harm, jeopardize Defendant's housing and basic obligations,**
**and undermine the rehabilitative purposes of the sentence.**
16. Defendant has demonstrated sustained compliance, poses **no risk of flight or danger, and the current restrictions are far more**
**restrictive than necessary to achieve any supervisory purpose.**

---

**V. Legal Authority**
17. Under **18 U.S.C. § 3582(c)(1)(A), this Court retains authority to modify the manner in which a sentence is carried out when**
**circumstances warrant relief.**
18. Under **18 U.S.C. § 3583(e), the Court may modify conditions of supervision at any time prior to expiration in the interest of justice.**
19. Courts have consistently recognized that **maintaining lawful employment and promoting rehabilitation are primary goals of supervision, and that conditions which unnecessarily prevent employment should be modified.supervision, and that conditions which unnecessarily prevent employment should be modified.**

---

**VI. Relief Requested**

**WHEREFORE, Defendant respectfully requests that this Court enter an order:**

1. **Immediately removing the electronic monitoring bracelet, or in the alternative modifying monitoring so Defendant may fully**
**perform his employment as a commercial truck driver;**

2. **Permitting unrestricted work-related travel, including interstate travel and access to ports and airports consistent with Defendant's**
**TWIC and SIDA credentials;**

3. **Ordering the immediate commencement of supervised release, even if this requires adjustment or extension of the total term of**
**supervision;**

4. Directing the **Bureau of Prisons and/or Probation to cease enforcement of halfway house scheduling restrictions that conflict with Defendant's lawful employment;**

5. Granting any other relief the Court deems just and proper.

**Respectfully submitted,**
**Stephen I. Sherak**
**Defendant, Pro Se**
**80 Freeman St., Apartment 225**
**Newark, New Jersey 07105**
[redacted]

**Date: January 19, 2026**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RECEIVED
SDNY PRO SE OFFICE
2026 JAN 20 PM 4: 13

RECEIVED
JAN 22 2026
S.D.N.Y.

UNITED STATES OF AMERICA,
v.
STEPHEN I. SHERAK,
Defendant.

Case No.: 1:18-CR-00812-NRB-1
Hon. Naomi Reice Buchwald

# [PROPOSED] ORDER MODIFYING CONDITIONS OF HOME CONFINEMENT AND COMMENCING SUPERVISED RELEASE

Upon consideration of Defendant Stephen I. Sherak's Motion to Modify Conditions of Home Confinement and to Immediately Commence Supervised Release, the Emergency Motion to Expedite, and the supporting exhibits, and for good cause shown, it is hereby:exhibits, and for good cause shown, it is hereby:

**ORDERED**
**that the Motion is**
**GRANTED; and it is further**
**ORDERED**
**that Defendant's conditions of custody are**
**MODIFIED**
**as follows:**

Electronic monitoring is terminated immediately, and Defendant shall no longer be subject to GPS or electronic bracelet monitoring;

Defendant is released from Bureau of Prisons home confinement effective immediately and shall commence supervised release forthwith;

Defendant is permitted work-related travel, including travel and access to ports and airport facilities, consistent with lawful employment as a commercial truck driver and Defendant's valid TWIC and SIDA credentials;

The Bureau of Prisons, the Residential Reentry Center, and/or the United States Probation Office shall cease enforcement of any

scheduling, curfew, or travel restrictions that interfere with

Defendant's lawful employment;

All other previously imposed conditions of supervised release remain in full force and effect, unless modified herein.

**ORDERED**
**that this Order shall take effect immediately**
.

SO ORDERED.

Dated: ____________________, 2026

New York, New York

MEHADRIN DAIRY CORP

RECEIVED
SDNY PRO SE OFFICE
2026 JAN 20 PM 4: 14

January 19, 2026

To the Court,

I am writing on behalf of Mehadrin Dairy, where Stephen I. Sherak has been employed as a commercial truck driver for approximately eight (8) months.

RECEIVED
JAN 2 2 2026
S.D.N.Y.

Mr. Sherak is a reliable and professional employee. His position requires him to operate a semi-truck, work variable hours including overtime, and travel beyond limited geographic areas. His job regularly involves deliveries to ports and airport facilities, which require valid Transportation Worker Identification Credential (TWIC) and Secure Identification Display Area (SIDA) access. Mr. Sherak holds both credentials.

Due to Mr. Sherak's current home confinement and electronic monitoring bracelet, we are experiencing serious and ongoing operational difficulties:

The electronic monitoring bracelet prevents access to ports and airports, making it impossible for Mr. Sherak to complete required deliveries.

Geographic and time restrictions force Mr. Sherak to rush routes and return prematurely, creating unsafe driving conditions while operating a commercial vehicle.

Commercial trucking schedules frequently change in real time.

Restrictions requiring advance approval during limited weekday hoursRestrictions requiring advance approval during limited weekday hours

make it impossible to accommodate overtime or necessary schedule adjustments.

As a result of these restrictions, Mr. Sherak's weekly earnings have been substantially reduced, and we are unable to fully utilize him as a driver.

Unfortunately, if these restrictions remain in place, Mehadrin Dairy will not be able to continue Mr. Sherak's employment, as the limitations imposed by home confinement and electronic monitoring are incompatible with the requirements of his position.

If Mr. Sherak is placed on supervised release without electronic monitoring, we are prepared to continue his employment immediately under normal working conditions.

This matter is time-sensitive, and we respectfully ask the Court to consider

the impact these restrictions are having on lawful employment, workplace safety, and Mr. Sherak's ability to maintain financial stability.

Please feel free to contact me if further information is needed.

Respectfully,
Philip Rivera
Transportation Manager
Mehadrin Dairy
[redacted]

Date: January 19, 2026